## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RICKY LEE EDSALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 05-CV-903-WDS** |
| | ) | |
| **CSX TRANSPORTATION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM & ORDER</u>

**STIEHL, District Judge:**

Before the Court is defendant's motion to transfer (Doc. 15) to which plaintiff has filed a response (Doc. 19) and the defendant a reply (Doc. 22).

## <u>BACKGROUND</u>

Plaintiff filed his complaint against defendant, his former employer, seeking to recover for alleged work-related injuries under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* Defendant has filed a motion pursuant to 28 U.S.C. § 1404(a), seeking to transfer this cause of action to the United States District Court for the Northern District of Indiana.

In its motion to transfer, defendant argues that plaintiff's choice of venue in this case is not entitled to deference because no nexus exists between the causes of action and the Southern District of Illinois. Defendant, relying on two affidavits, contends that plaintiff worked in or around Garrett, Indiana, for the majority of his employment with the defendant and that he did not spend any time working in Southern Illinois. Defendant also asserts that the case should be transferred because at least twenty-seven (27) potential witnesses are located in the Northern District of Indiana, and that the District Court for the Northern District of Indiana will be able to compel their appearance. Finally, defendant maintains that the interests of justice would be better served by the transfer of this action to the Northern District of Indiana where the alleged

injuries occurred.

In response, plaintiff argues that the defendant should be precluded from seeking transfer at this stage of the proceeding because it did not do so when this case was set for trial.   Plaintiff also asserts that defendant's motion should be denied because transfer of the case would not further the interest of justice, and that the motion is part of an ongoing "tactic of delay." Plaintiff also claims that his choice of venue should be given substantial deference under the Federal Employers' Liability Act, and that for these reasons the motion to transfer should be denied.

## ANALYSIS

I.      Motion to Transfer Standards

28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The Seventh Circuit has held that the trial court should consider "the relative ease of access to sources of proofs; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; the possibility of a view of the premises; the state of the court calendar both in the District where the case is pending and in the District to which it is sought have the case transferred." *Chicago R.I. & R.P. Co. v. Igoe*, 220 F.2d 299, 303 (7th Cir. 1955).

"In passing on a motion for transfer, the district judge must consider the statutory factors in light of all the circumstances of the case.  The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).  Furthermore, "[t]he movant…has the burden of establishing, by reference to particular

2

circumstances, that the transferee forum is clearly more convenient." *Id.* at 219-20.  However, "[l]ess of a showing of inconvenience is needed for a § 1404(a) transfer than that for a *forum non conveniens* dismissal." *Id.* at 220.

A.    Plaintiff's Choice of Venue

Defendant argues that plaintiff's choice of venue in this case is not entitled to deference because there is no relationship or nexus between the cause of action and the Southern District of Illinois.  While courts generally respect a plaintiff's choice of forum, the Seventh Circuit has held  that a plaintiff's freedom to select his or her own forum "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff …." *Igoe*, 220 F.2d at 304 (*quoting Josephson v. McGuire*, 121 F. Supp. 83, 84 (D.C. Mass. 1954)).  In the record on this case, plaintiff's own affidavit fails to make any connection at all between the work-related injuries that give rise to the complaint and the Southern District of Illinois.  The affidavit provides that plaintiff's employment with CSX required him "to travel East to Alliance and Williard, Ohio, North to Holland and Benton Harbor, Michigan, West to Riverdale and Chicago, Illinois, and in the Chicago Division in Indiana, along the Garrett and Gary line." (Affidavit of Edsall, Sr. at ¶ 2.)  Conspicuously absent from the description of plaintiff's various work locations is any mention of any locale within the Southern District of Illinois.  Plaintiff also fails to contest the statement of CSX's Senior Claims Representative, Raymond J. Sheahan, III, that "[a]t no time during his railroad career has [P]laintiff worked in Southern Illinois or in any of the counties located within the jurisdiction of this Court."  (Affidavit of. Sheahan at ¶ 5.)  Accordingly, this Court finds that plaintiff's choice of venue is of little value because none of the conduct complained of occurred in this District.

The Court is simply not persuaded by plaintiff's assertion that under the Federal Employ-

3

ers' Liability Act ("FELA") his choice of venue is entitled to greater consideration.  Simply put,

plaintiff lacks any significant connection with this  forum.  As one court properly stated, "as a

general rule, when the plaintiff does not reside in his chosen forum nor have any operative facts

occurred within the forum, the plaintiff's choice is entitled to less consideration *notwithstanding*

*that it is a FELA action*." *Robertson v. Kiamichi R.R. Co.*, 42 F. Supp.2d 651, 656 (E.D. Tex.

1999) (emphasis added).

B.    Timing of Defendant's Motion

Plaintiff contends that the motion to transfer should be denied because defendant did not

act with reasonable promptness in moving for a transfer of venue and characterizes the timing of

defendant's motion as a delay tactic.  While the Seventh Circuit has not specifically ruled on this

issue, this Court agrees with the rule that "a motion to transfer should be made early in the

proceeding." *Blumenthal v. Mgmt. Assistance, Inc.*, 480 F. Supp. 470, 471 (N.D. Ill. 1979).

Further, "a mere passage of time or delay is not alone sufficient to deny a motion to transfer." *Id.*

 In other words, "[t]he motion may be made at any time, though delay in moving is a factor that

will be considered in passing on the motion."  20 Charles Alan Wright & Mary Kay Kane,

Federal Practice and Procedure § 46 (2002).  Therefore, while the timing of defendant's motion

is not dispositive, it is a factor that this Court takes into account when weighing the reasons for

and against transfer.

C.    Convenience of the Parties

Defendant maintains that the Northern District of Indiana is a more convenient location

for the parties because of its proximity to CSX's facilities and to plaintiff's residence.  Plaintiff,

citing *Am. Can Co. v. Crown Cork & Seal Co.,*  433 F. Supp. 333, 338 (E.D. Wisc. 1977), claims

that a defendant can assert its own inconvenience, but not the inconvenience of the plaintiff in

4

support of a motion to transfer.  Clearly, "the logical starting point for analyzing convenience is to consider the parties' residences." *Robertson*, 42 F. Supp. 2d at 657.  Plaintiff resides in Albion, Indiana.  According to *Google Maps*, Albion, Indiana is approximately 390 miles from East St. Louis, Illinois, (the location of this Court) but it is only 30 miles from Fort Wayne, Indiana, (the location of the District Court for the Northern District of Indiana).  Because plaintiff's choice of venue has minimal value in this case, the "convenience of the parties" factor clearly weighs in favor of transferring this case to the Northern District of Indiana.

D.   <u>Convenience of Witnesses</u>

Defendant also maintains that the Northern District of Indiana is more convenient for the vast majority of witnesses in this case.   Plaintiff replies that the convenience of witnesses is not an issue in this case because there are witnesses in several states and regardless of where the trial is held, some witnesses will have to travel.  Although this may be true, it is not particularly relevant in determining whether a particular venue is more convenient.  Rather, "the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case." *Hanley v. Omarc, Inc.*, 6 F. Supp.2d 770, 775 (N.D. Ill. 1998).  Significantly, the only person who plaintiff identified in his interrogatory answers as being present at the scene of the alleged incidents, Dave Swonger, lives in Indiana.  In addition, all of plaintiff's treating physicians, with the exception of one, live in the Northern District of Indiana.

Of course, "the court must…consider whether these witnesses will be subject to compulsory process…." *Omarc, Inc.*, 6 F. Supp.2d at 775.  Defendant has at least twenty-seven (27) potential witnesses who are located in the Northern District of Indiana.  These witnesses would only be subject to compulsory process if defendant's motion to transfer were granted. Plaintiff has one potential witness who maintains an office in the Southern District of Illinois

(Dr. Schoedinger) and also intends to call witnesses from Michigan, Ohio, and Florida.  Notably, the witnesses located in Michigan, Ohio, and Florida would not be subject to compulsory process even if defendant's motion were denied.  In light of all of the above, the Court **FINDS** that the "convenience of the witnesses" factor weighs strongly in favor of transfer.

    E.  <u>Interest of Justice</u>

  Finally, plaintiff asserts that because of the relative docket conditions of each court and statistics regarding speedy trials, he would be more likely to receive a speedy trial by remaining in the Southern District of Illinois. In support of this, plaintiff has provided the Court with statistical evidence to support this argument.  The likelihood of delay must be weighed against the other sub-factors included in the "interest of justice" analysis.  Importantly, the relative ease of access to sources of proof and the possibility of a view of the premises must be included in the balance and weighed against the risk of delay.  *See Igoe*, 220 F.2d at 303.  Plaintiff admits that sources of proof are more accessible in the Northern District of Indiana but argues that this factor is not significant.  However, the possibility of a view of the premises also weighs in favor of transferring the case to the Northern District of Indiana.  Plaintiff does not argue that any of his injuries occurred in the Southern District of Illinois.  Moreover, most of plaintiff's railroad career and the injury alleged in Count II of the complaint occurred in the Northern District of Indiana.  As a result, this Court believes that the relative ease of access to sources of proof plus the possibility of a view of the premises outweighs the likelihood of delay in determining whether transfer of this case is in the interest of justice.

<strong><u>CONCLUSION</u></strong>

  Therefore, the Court **FINDS** that this case should be transferred to the Northern District of Indiana.  Plaintiff's choice of venue has minimal value because none of the conduct com-

6

plained of occurred in the forum selected by plaintiff.  Additionally, the Northern District of Indiana is closer to plaintiff's residence and the district court in Indiana would have subpoena power over a larger number of important witnesses.  Finally, although the Court realizes that plaintiff's case may be minimally delayed because of this transfer, this factor is outweighed because the sources of proof and the site of plaintiff's alleged injury are located in the Northern District of Indiana.

For the foregoing reasons, defendant's motion to transfer this case to the Northern District of Indiana is **GRANTED**, and this case is **TRANSFERRED** to the United States District Court for the Northern District of Indiana.


**IT IS SO ORDERED.**

**DATED:   November 14, 2006.**


**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**

7